# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JAMES DEWAYNE GRIFFIN,** | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) No. 2:17-cv-02055-SHM-egb |
| **DELTA TECHNICAL COLLEGE,** et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated January 31, 2017 (the "Report"). (ECF No. 9.) The Report recommends that Plaintiff James DeWayne Griffin's *pro se* complaint against Defendants Bruce Thieman, Charles "Frankie" Ryals, and Ralph Fitzgerald (the "Individual Defendants") be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Griffin has not filed any objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED and the complaint against the Individual Defendants is DISMISSED.

On January 20, 2017, Griffin filed his *pro se* complaint against Defendant "Delta Technical College" and the Individual

Defendants, asserting employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.[1]

On January 31, 2017, the Magistrate Judge entered the Report. The Report recommends that Griffin's complaint against the Individual Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that the complaint fails to state a claim against those defendants. The Report explains as follows:

> Griffin brings his complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Title VII grants employees relief against their employers for certain proscribed employment practices. 42 U.S.C. §§ 2000e-2(a), e-5(b). The complaint alleges that Griffin was employed by Delta Technical College, but the complaint does not indicate in any way that Griffin was ever employed by Bruce Thieman, Charles "Frankie" Ryals, or Ralph Fitzgerald. Even if the court were to speculate that these defendants are supervisors or fellow employees at Delta Technical College, which the court cannot infer from the sparse facts provided, these defendants would not be subject to liability under Title VII. See Wathen v. General Electric Co., 115 F.3d 400, 403–06 (6th Cir. 1997) (interpreting Title VII to impose no individual liability on managers and supervisors who do not also qualify as employers under Title VII); see also Roof v. Bel Brands USA, Inc., 641 F. App'x 492, 496 (6th Cir. 2016). In Wathen, the Sixth Circuit found "that the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." 115 F.3d at 406. The allegations in the complaint do

---

[1] Delta Technical College has since made an appearance and has identified itself as Midwest Technical Institute Inc., d/b/a Delta Technical College LLC. (See ECF No. 15.)

not plausibly demonstrate that any of the three individuals named in the complaint is subject to liability under Title VII. The undersigned therefore recommends that Griffin's Title VII claim be dismissed as against Bruce Thieman, Charles "Frankie" Ryals, and Ralph Fitzgerald for failure to state a claim on which relief may be granted.

(ECF No. 9 at 5-6.)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Griffin has not objected to the Report. On that ground, adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and the complaint against the Individual Defendants is DISMISSED.

So ordered this 14th day of June, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
