IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JAMES DEWAYNE GRIFFIN,** ) | |
| ) | |
| ) | |
|     **Plaintiff,** ) | No.:    2:17-cv-02055-SHM-egb |
| ) | |
| **v.** ) | |
| ) | |
| **DELTA TECHNICAL COLLEGE,** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

REPORT AND RECOMMENDATION

Before the Court is Defendant Delta Technical College's Motion to Dismiss (D.E. 15). Plaintiff James Dewayne Griffin has not responded to this Motion. Pursuant to Administrative Order 2013-05, this case was referred to the United States Magistrate Judge for management of all pretrial matters. For the following reasons, the Magistrate Judge recommends that this Court GRANT Defendant's Motions to Dismiss.

**BACKGROUND**

Plaintiff filed his *pro se* Complaint on January 20, 2017, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (D.E. 1). In his Complaint, Plaintiff alleges that his former employer, Defendant, discriminated against him based on his race (African-American), sex (male), and color (brown-dark skinned) (D.E. 1). The conduct Plaintiff complains of in his Complaint includes the termination of his employment, failure to promote, unequal terms and conditions of his employment, and retaliation (D.E. 1). Additionally, Plaintiff

1

claims he was humiliated, intimidated, and disrespected (D.E. 1). Lastly, Plaintiff asserts that Defendant "fabricate[d] facts" and violated the Federal Motor Safety by asking him to perform work with a flat tire on a tractor-trailer, clean restroom, and cut grass (D.E. 1). Plaintiff states he is allergic to grass and informed Defendant of this allergy his first day (D.E. 1).

## ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." This procedural protection permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing, Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting, Bell Atlantic Corp.v. Twombly*, 550 U.S. 544, 570 (2007). *See also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)(stating that the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true"). While the pleading standard in Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me- accusation." *Ashcroft,* 556 U.S. at 678. In determining whether a complaint states a claim for relief that is plausible on its face, the court is required to "draw on its judicial experience and common sense." *Id*. at 679. The plaintiff's allegations "must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

*Pro se* litigants are held to a less stringent standard than attorneys, however, they are not

2

exempt from the requirements of the Federal Rules of Civil Procedure. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). However, a court cannot create a claim for a *pro se* plaintiff that was not "spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)(internal quotations omitted).

To establish a prima facie case for racial discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a person outside of his protected class or he was treated differently than similarly situated members of the unprotected class. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007); *Bryant v. Rolling Hills Hosp., LLC*, 836 F. Supp. 2d 591, 606 (M.D. Tenn. 2011); *Policastro v. Nw. Airlines, Inc.*, 297 F.3d 535, 538-539 (6th Cir. 2002); *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 349 (6th Cir. 1997). In Plaintiff's Complaint, he does state that he is African-American, thus he is a member of a protected class. Further, Plaintiff does allege he suffered an adverse employment action, termination. However, Plaintiff fails to allege sufficient factual allegations to determine if he was qualified for the position he held with Defendant or if he was treated differently than similarly situated members of an unprotected class. Although Plaintiff mentions several job duties he performed in his Complaint, without a connection to discriminatory conduct by Defendant, these facts are insufficient to state a claim. Even considering Plaintiff is *pro se*, the Court cannot create a claim for Plaintiff out of his bare recitations. Thus, Plaintiff claims fails to state a claim upon which relief can be granted and it is recommended that his Complaint be dismissed.

Color discrimination is distinct from race discrimination in that the former " 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored

African–American individual.' " *Moore v. Food Lion,* No. 3:06–0712, 2007 WL 596955, at *2 (M.D.Tenn. Feb. 21, 2007)(quoting *Bryant v. Bell Atl. Maryland, Inc.,* 288 F.3d 124, 133 n.5 (4th Cir.2002)). Plaintiff's complaint lacks any facts that link any discrimination to the color of his skin and, thus, fails to state a claim for relief based on color discrimination.

To establish a *prima facie* case of gender discrimination, a plaintiff is required to show that: (1) he is a member of a protected group; (2) he was subjected to an adverse employment decision; (3) he was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States,* 388 F.3d 984, 987 (6th Cir.2004). In cases where a member of the majority is claiming reverse discrimination, as in the instant case, to satisfy the first prong of the *prima facie* case, the plaintiff must "demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Sutherland v. Michigan Dep't of Treasury,* 344 F.3d 603, 614-15 (6th Cir.2003). Here, Plaintiff has failed to present any facts that support that Defendant is the 'unusual employer who discriminates against the majority.' In fact, Plaintiff does not allege any treatment of female employees whatsoever and his Complaint is devoid of any factual matter to support his claims. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) his exercise of protected activity was known by Defendant; (3) Defendant took an action that was materially adverse to Plaintiff; and (4) a causal connection exists between the protected activity and the materially adverse action. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014). If Plaintiff can make out a *prima facie* case, the burden then shifts to Defendant to "articulate some legitimate, nondiscriminatory reason" for its

actions. *McDonnel Douglas Corp v. Green*, 411 U.S. 792, 802 (1973). Then the burden shifts back to Plaintiff to establish that Defendant's reason is a pretext. *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 793 (6th Cir. 2000). In this case, Plaintiff has failed to plead sufficient facts to establish three of the four factors for a retaliation claim. Plaintiff has not satisfactorily alleged what protected activity he engaged in, the knowledge of that protected activity by Defendant, or a causal connection between the protected activity and the adverse action. Thus, it is recommended that Plaintiff's claim for retaliation be dismissed. Lastly, in Plaintiff's Complaint he mentions a Federal Motor Safety Violation because was allegedly asked to work with a flat tire on a tractor-trailer. Plaintiff fails to elaborate on this claim and fails to state a claim on which relief can be granted. Defendant is correct that an unspecified Federal Motor Safety Violation would not in itself be prohibited under Title VII.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court GRANT Defendant's Motion to Dismiss.

Respectfully Submitted this 22nd day of September, 2017.

                              **s/Edward G. Bryant**
                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**