# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| **JAMES DEWAYNE GRIFFIN,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17-cv-2055-SHM-egb |
| **DELTA TECHNICAL COLLEGE,** | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated September 22, 2017 (the "Report"). (ECF No. 21.) The Report recommends granting Defendant Delta Technical College's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15). (Id.) Griffin filed an objection to the Report on October 6, 2017. (ECF No. 22.) Defendant has not filed a response to Griffin's objection, and the deadline to do so has passed. L.R. 72.1(g)(2).

Also before the Court are Griffin's March 17, 2017 motion for extension of time to respond to Defendant's Motion to Dismiss (ECF No. 16), and Defendant's July 24, 2017 motion to rule on its Motion to Dismiss (ECF No. 19).

For the following reasons, the Report is ADOPTED. Griffin's complaint is DISMISSED. Griffin's motion for extension of time and Defendant's motion to rule are DENIED as MOOT.

**I. Background**

On January 20, 2017, Griffin filed a *pro se* complaint against Defendant and individual defendants[1], asserting employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. (Compl., ECF No. 1.) The complaint alleges that Defendant discriminated against Griffin based on Griffin's race (African-American), gender (male), and color (brown-dark skinned). (Id.) Defendant's alleged discriminatory conduct includes termination of Griffin's employment, failure to promote, unequal terms and conditions of employment, and retaliation. (Id.) The complaint also alleges that Griffin was humiliated, intimidated, and disrespected. (Id.) It alleges that Defendant "fabricate[d] facts" and violated the Federal Motor Safety regulations by asking Griffin to perform work with a flat tire on a tractor-trailer, clean a restroom, and cut grass -- despite Griffin's informing Defendant that he was allergic to grass. (Id.)

---

[1] The individual defendants were dismissed from this action on June 14, 2017. (Order, ECF No. 17.)

On March 3, 2017, Defendant filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 15.)

On March 17, 2017, Griffin filed a motion for extension of time to respond to Defendant's Motion to Dismiss. (ECF No. 16.)

On July 24, 2017, Defendant filed a motion to rule, asking the Court to rule on its Motion to Dismiss. (ECF No. 19.)

Defendant filed its answer on September 8, 2017. (ECF No. 20.)

United States Magistrate Judge Edward G. Bryant entered the Report on September 22, 2017. (ECF No. 21.) The Report finds that the complaint fails to state a claim for discrimination based on race because the complaint "fails to allege sufficient factual allegations to determine if [Griffin] was qualified for the position he held with Defendant or if [Griffin] was treated differently than similarly situated members of an unprotected class." (Id. at 67.) The Report finds that the complaint fails to state a claim based on color discrimination because the "complaint lacks any facts that link discrimination to the color of [Griffin's] skin. . . ." (Id. at 68.) The Report finds that the complaint fails to state a claim for discrimination based on gender because the complaint

3

fails "to present any facts that support that Defendant is an 'unusual employer who discriminates against the majority' . . . [and] does not allege any treatment of female employees. . . ." (Id.) The Report finds that the complaint fails to state a claim for retaliation because the complaint does "not satisfactorily allege[] what protected activity [Griffin] engaged in, the knowledge of that protected activity by Defendant, or a causal connection between the protected activity and the adverse action." (Id. at 69.) The Report also finds that that the complaint's "unspecified Federal Motor Safety Violation would not in itself be prohibited under Title VII." (Id.)

Griffin filed a timely objection on October 6, 2017. (ECF No. 22.) Griffin includes new assertions about his treatment by Defendant's employees. He claims he faced racial discrimination when he was terminated from his position as a Commercial Driver's License ("CDL") instructor, despite his qualifications. (Id. at 70.) Griffin represents that he "never had unsatisfactory job performance and had the best success rate out of all instructors." (Id. at 72.) Griffin claims that Lead Instructor Ryals would require Griffin to work before starting his shift and would later claim Griffin was late. (Id. at 70.) Griffin includes new assertions about the

4

day before his termination.  He claims he had a conversation with CDL Program Director Sloan and Lead Instructor Ryals about Griffin's alleged tardiness and certain Federal Motor Carrier Safety Administration issues and violations that had occurred. (Id. at 71.)  The conversation ended with CDL Program Director Sloan's insisting Griffin take the day off.  (Id.)  That evening, Griffin sent Brian Huff, Defendant's Chief Executive Officer ("CEO"), an email describing racist practices of Lead Instructor Ryals and other managing employees.  (Id.)

The next morning, Griffin was asked to meet with Defendant's School Director Fitzgerald and CDL Program Director Sloan at an office in Horn Lake, Mississippi.  (Id. at 72.) School Director Fitzgerald and CDL Program Director Sloan gave Griffin a Separation Notice Document to sign.  (Id.)  Griffin signed "DO NOT IN AGREEMENT WITH BUT ACCEPT."  (Id.)

As to his color discrimination claim, Griffin asserts that he was denied time off for a medical physical, while light-skinned and white CDL instructors received time off "none military related and medical for personal reasons."  (Id.)

As to his gender discrimination claim, Griffin asserts that he "was falsely accused of my sex (male-not conforming to gender stereotypes), racial slurs, and degrading indentifications [sic] multiple times in which Plaintiff deny

5

by Delta (Lead Instr. Ryals) and he transfer the false accusations to some students." (Id.)

As to his retaliation claim, Griffin asserts he was provided defective equipment and was asked to conduct tasks outside the scope of his position. (Id.) Griffin also asserts that Lead Instructor Ryals and School Director Fitzgerald would harass and name-call Griffin, despite Griffin's requests that they stop. (Id.)

Defendant has not responded to Griffin's objections.

## II. Standard of Review

### A. Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1).

The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection."  Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.  Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue.  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

"[W]hile the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that

7

were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000).

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F.Supp.2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage.

Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

**III. Analysis**

All of Griffin's objections assert facts and make allegations that are not in the complaint. Griffin has not moved to amend the complaint. He has also failed to respond to Defendant's Motion to Dismiss. An objection to a Magistrate

Judge's Report and Recommendation is not the proper vehicle to amend the complaint. It is also not the proper vehicle to raise arguments or issues not presented to the Magistrate Judge. On either of those grounds, Griffin's objections would fail. Even if Griffin had amended his complaint to include his new assertions, his complaint would fail to state a claim under Title VII.

**A. Racial Discrimination**

To establish a prima facie case for racial discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a person outside his protected class or was treated differently than similarly situated members of the unprotected class. Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 593 (6th Cir. 2007).

Griffin fails to state a claim for discrimination based on race because he fails to allege sufficient facts to show he was treated differently than similarly situated members of an unprotected class. The plaintiff is required to "demonstrate that he or she is similarly-situated to the non-protected employee in all relevant respects." Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998). Griffin

argues that two white instructors received time off "none military related and medical for personal reasons,"[2] although Griffin was denied time off to receive his CDL Medical Physical. (ECF No. 22 at 72.) Griffin also argues that he was senior to those white instructors. (Id.) It is unclear whether the white instructors were CDL instructors, like Griffin. It is clear that Griffin and the white instructors did not have comparable seniority. Griffin offers no other facts to satisfy the fourth prong of the test. Griffin has failed to demonstrate he was treated differently than other similarly-situated, non-protected employees in all respects. Griffin's racial discrimination claim is DISMISSED.

**B. Color Discrimination**

Griffin failed to exhaust his administrative remedies before bringing his color discrimination claim. Griffin did not make a claim of color discrimination in his Equal Employment Opportunity Commission ("EEOC") charge. (ECF No. 20-1.) "[C]olor discrimination is distinct from race discrimination in that the former arises when the particular hue of the plaintiff's skin is the cause of the discrimination." Cooper v. Jackson–Madison Cnty. Gen. Hosp.

---

[2] It is unclear from this allegation whether the white instructors received time off for medical physicals. Construing Griffin's allegations liberally, the Court assumes the white instructors received time off for medical reasons.

Dist., 742 F.Supp.2d 941, 951 (W.D. Tenn. 2010) (internal quotations omitted). Because a Title VII plaintiff cannot assert claims in a lawsuit that were not properly alleged in a charge filed with the EEOC, 42 U.S.C. § 2000e-5(f)(1), Griffin's color discrimination claim is DISMISSED.

**C. Gender Discrimination**

Griffin fails to state a claim for discrimination based on gender because he does not present any facts that support that Defendant discriminates against men and does not allege that female employees were treated more favorably.

To establish a prima facie case of gender discrimination, a plaintiff is required to show that: (1) he is a member of a protected group; (2) he was subjected to an adverse employment decision; (3) he was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. Peltier v. United States, 388 F.3d 984, 987 (6th Cir. 2004). Where the plaintiff is a member of a majority claiming discrimination, the Sixth Circuit modifies the first and fourth prongs of the four-pong test. Leadbetter v. Gilley, 385 F.3d 683, 690 (6th Cir. 2004). Instead of membership in a protected class, the plaintiff must "demonstrate 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.'"

Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 614 (6th Cir. 2003) (quoting Zambetti v. Cuyahoga Cmty. Coll., 314 F.3d 249, 255 (6th Cir. 2002) (internal quotation marks omitted). "To satisfy the fourth prong in a reverse-discrimination case, the plaintiff must show that the defendant treated differently employees who were similarly situated but were not members of the protected class." Leadbetter, 385 F.3d at 690.

Griffin makes no allegation that Defendant is the "unusual employer" that discriminates against men or that similarly-situated females were treated more favorably. Griffin's gender discrimination claim is DISMISSED.

**D. Retaliation**

Griffin fails to state a claim for retaliation because he does not allege that the decision makers who terminated him knew that Griffin had engaged in protected activity.

To establish a *prima facie* case for retaliation, a plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) his exercise of protected activity was known by Defendant; (3) Defendant took an action that was materially adverse to Plaintiff; and (4) a causal connection exists between the protected activity and the materially

adverse action. Laster v. City of Kalamazoo, 746 F.3d 714, 730 (6th Cir. 2014).

Griffin contends in his objection that he sent an e-mail to Defendant's CEO the evening before termination, complaining of racist behavior by Defendant's employees. (ECF No. 22 at 71-72 (citing ECF No. 22-12).) That qualifies as protected conduct. Cf. Brown v. VHS of Michigan, Inc., 545 F. App'x 368, 374 (6th Cir. 2013) (finding plaintiff's single e-mail to a supervisor that did not reference sex, race, or age discrimination did not constitute protected activity).

Griffin fails to cite any facts establishing that the decision makers who terminated him knew of his protected activity. Mulhall v. Ashcroft, 287 F.3d 543, 551–52 (6th Cir. 2002). There is no contention that the e-mail was received or circulated to any other employees, or that Defendant's CEO was the decision maker in Griffin's case. Griffin's retaliation claim is DISMISSED.

**E. Violations of Federal Motor Safety**

Griffin does not object or refer to the determination that violations of Federal Motor Safety are not prohibited under Title VII. That portion of the Report is adopted. See Arn, 474 U.S. at 150-51. Griffin's Federal Motor Safety claim is DISMISSED.

14

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED. Griffin's complaint is DISMISSED. Griffin's motion for extension of time to respond and Defendant's motion to rule are DENIED AS MOOT.

So ordered this 29th day of November, 2017.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE